Carlotta ROSSINI and Jane Zukofsky, on behalf of themselves and all persons similarly situated, Plaintiff,

v.

OGILVY & MATHER, INC., Defendant.

No. 78 Civ. 1713–CLB.

United States District Court,
S. D. New York.

Oct. 18, 1978.

Vladeck, Elias, Vladeck, Zimny & Engelhard, P. C. by Judith P. Vladeck, New York City, for plaintiff.

Davis & Gilbert by Patricia Hatry, New York City, for defendant.

## MEMORANDUM AND ORDER

BRIEANT, District Judge.

By their complaint filed April 17, 1978, plaintiffs seek to sue on their own behalf and as representatives of a class consisting of all females who are presently or who at any time since May 29, 1975 have been employed, or have sought employment, or may subsequently seek employment from defendant Ogilvy & Mather (hereinafter "Ogilvy") as "officials, managers or professionals," and who have been or continue to be or would be adversely affected by alleged discriminatory policies and practices of defendant, which are claimed to discriminate unlawfully against female officials, managers and professionals in terms, conditions and benefits of employment, by reason of their sex. The action is founded on Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* It was conceded at pre-trial proceedings before me that the actual employer of the plaintiffs is Ogilvy & Mather, Inc. [New York], a New York corporation. The Court has subject matter jurisdiction of the claims of plaintiff Rossini and of the purported class. As noted below, co-plaintiff Zukofsky fails to state a claim.

Pursuant to Rule 23(b)(2), F.R.Civ.P., and by motion docketed June 13, 1978, plaintiffs seek certification of the proposed class, and that the Court declare that the litigation proceed as a class action, and that they represent the class. In addition to the relief sought by the named plaintiffs, the complaint seeks class relief, including an injunction prohibiting the continuation of the alleged discriminatory unlawful employment practices, a judgment directing the defendant to initiate affirmative policies insuring equal treatment to female employees, and an award of back pay or other monetary relief compensating for defendant's alleged past discriminatory practices.

Defendant denies liability and resists declaration of a class.

A class action is usually a proper method for enforcing rights under Title VII, because under the allegations in the complaint the evil sought to be remedied is discrimination on the basis of a class characteristic, such as race, sex, age, religion or national origin, common to all members. Accordingly, questions of law or fact common to the members of the class will usually predominate over any questions affecting only the employment or advancement of individual members. The proposed class here includes current female employees of Ogilvy, and those who have ceased to be employed during the period alleged, amounting to 418 persons. This number is sufficiently large to satisfy the numerosity requirement of Rule 23, apart from the contentions made in behalf of persons who never were employed. A group of persons employed in or aspiring to positions as officials, managers and professionals of an advertising and public relations agency is sufficiently homogeneous a grouping, having sufficient commonality of interest to be appropriate for treatment as a class. Commonality is typically present in an employment discrimination action. See *East Texas Motor Freight Systems, Inc. v. Rodri-*

*guez*, 431 U.S. 395, 97 S.Ct. 1891, 52 L.Ed.2d 453 (1977).

There remains for consideration the question of whether the named plaintiffs are adequate representative parties who will fairly and adequately protect the interests of the class within Rule 23(a)(4). Counsel for plaintiffs is experienced in Title VII litigation, and although the preliminary procedures in this case have been characterized by undue rancor between the attorneys, and some unnecessary procedural quibbling, the Court is not prepared to say that the fault is attributable to any particular attorney in the matter, and finds that the attorneys for the plaintiffs have adequate qualifications to prosecute the case for a class.

We then turn to the status of the individual plaintiffs themselves. Plaintiff Carlotta Rossini has been employed by Ogilvy in Account Management since 1970. She is now a Vice President of Ogilvy & Mather, Inc. [New York], and an account executive. She filed charges with the Equal Employment Opportunity Commission ("EEOC") on March 30, 1976, alleging that her employer had discriminated against her in salary, promotions and other terms and conditions of employment because of her sex, and she has received the usual "right to sue" letter from the EEOC.

■ Plaintiff Jane Zukofsky has also been employed by Ogilvy since 1970 in its Broadcast Operations Department. She filed no charge with EEOC until April 14, 1978, about three days before this action was filed. She has received no "right to sue" letter. She alleges discrimination against her in terms and conditions of employment on the basis of sex, asserting that she has been assigned to work in a sex segregated area and has been refused opportunities for promotion, training or transfer into jobs of "greater upward mobility." Ms. Zukofsky does not allege, nor can she, that she has complied with the administrative prerequisites of Title VII, nor that she has received a "right to sue" letter. Her pleading fails to state a claim, and the Court lacks subject matter jurisdiction over

her claim, absent a "right to sue" letter. She is not a proper class representative. Plaintiffs' reply memorandum on this motion concedes as much. See p. 32. A purported class representative who does not have a litigible claim in his or her own right cannot be a representative party to conduct class action litigation. Also, it appears that Ms. Zukofsky was recruited by Ms. Rossini and actually solicited by her to join in bringing this lawsuit.

Ogilvy is said to have had approximately 800 employees at the end of 1976. About 200 of these were classified as office and clerical employees, almost all of whom were female. The 600 other employees were divided into officials, managers and professionals. Almost one-third of those employees were females. Plaintiffs contend that although females were not excluded from such employment, Ogilvy had discriminated against female employees and female applicants for employment by limiting them to office and clerical classifications, and "to the lower levels of official, manager and professional categories," while denying them equal access to the upper level positions as officials, managers and professionals.

■ Defendant denies these allegations most vociferously, with affidavits, statistical analysis, letters from contented female employees and former employees, and the results of an improper poll or survey which is cited to show that many members of the purported class are opposed to the maintenance of this litigation as a class action. An advertising agency is in the public eye, and its indignation concerning serious charges which it believes are false is certainly understandable. It is of no relevance or aid on this motion. Under well established principles, this Court may not consider the merits of the controversy in determining whether or not the litigation should be maintained as a class action. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974).

Defendant attacks the adequacy of Ms. Rossini as a class representative within Rule 23(a)(4). Defendant claims that Ms.

Rossini is an "activist" and charges that in the conduct of her fiduciary duties as representative of the class she "may be affected by her own political interests rather than the interests of the class." (Memo, p. 35). It is said that Ms. Rossini has sought election to the Board of Directors of National Gay Task Force, Inc., and, in support of her electioneering, has circulated to members of that organization credentials referring to herself, incorrectly, as "sole-named plaintiff in sex discrimination case against Ogilvy & Mather." Defendant suggests that it is a cause for concern that "in making the many decisions that would be involved in the prosecution of this suit, she may be more influenced by how her actions and tactics will appear to her fellow activists, than how they will affect the interests of class members."

■ A class representative is a fiduciary, and his or her duties include not only prosecuting litigation vigorously, but also include the duty to use wise judgment in negotiating and approving a fair and proper settlement at the right time when possible. An unduly antagonistic litigant, or one also serving concurrent interests which may conflict, will not be designated and found to be an adequate class representative where the antagonism or potential conflict is likely to prevent or impede proper discharge of his or her fiduciary duties. See *Norman v. Arcs Equities Corp.*, 72 F.R.D. 502, 506 (S.D. N.Y.1976).

■ In Ms. Rossini's "activist" extracurricular activities as a candidate for the Board of National Gay Task Force, Inc., standing alone, the Court does not perceive such an antagonism to the aims and interests of Ogilvy's female employees, which would disqualify her as a fiduciary. The two aims are not clearly inconsistent. However, added to the possible influence which Ms. Rossini's desire to gain activist credentials as a result of bringing litigation may have upon her actions and tactics in enforcing or settling the rights of the class members, there is a further and additional conflict of interest which considered in totality with the first conflict, compels a find-

ing that she would not be an adequate representative.

Ogilvy & Mather, Inc. [New York] as a corporation, can function only through its officers and directors. Its officers and directors manage its affairs, and as a Vice President, Ms. Rossini has and continues to have an obligation to the defendant corporation and its stockholders in the day to day management of its affairs. Included is compliance by the corporation with proper personnel policies and lawful hiring and promotion practices. While she may continue as a Vice President, and maintain litigation against the corporation with respect to her own claim, it is an inconsistent position on its face for the class representative to be an officer or director of the defendant corporation, and seek to represent the interests of women class members who are mere employees. Since this litigation has been pending, Ms. Rossini has not resigned as an officer, and has continued to act as Vice President.

■ A vice president of a New York business corporation, as the name implies, functions in the event of absence, unavailability or vacancy in the office of the president. As between such officer and the corporation, a vice president has only such authority or agency as may be provided in the corporate by-laws, or to the extent not so provided, by the board of directors. New York Business Corporation Law, § 715(g). Defendant's by-laws, § 3.01, provides that its corporate officers, including Vice Presidents, shall "hold their offices for such terms and . . . exercise such powers and perform such duties as may be determined from time to time by the Board [of Directors]." However, as between such officer and third parties dealing without notice, such an officer can do anything in the ordinary course of business which the directors can authorize or ratify. Such actions taken in good faith and without fraud or collusion are conclusive on the corporation. *Leslie v. Lorillard*, 110 N.Y. 519, 536 (1888). They will be presumed regular. Because of this inconsistent and continuing agency for defendant, which Ms. Rossini

holds in her capacity as Vice President, it appears inappropriate to designate her as a class representative. There is a clear conflict of interest and an ongoing dispute between the class on the one hand, and the officers and directors of the defendant corporation on the other. Because she is, for the reasons stated, an inadequate and improper representative of the proffered class, or any other class suing this defendant, the Court declines as a matter of discretion to certify Ms. Rossini as a class action representative in this litigation. Furthermore, plaintiffs Rossini and Zukofsky have been acting in concert and pleading together. If with the passage of time Ms. Zukofsky could qualify by pleading a valid claim, the same conflict of interest which prevents Ms. Rossini from being an adequate class representative may well extend to Ms. Zukofsky because she was solicited to join the suit by Ms. Rossini.

As noted above, the numerosity requirement of Rule 23(a)(1) and the commonality requirement of Rule 23(a)(2) have been satisfied. The typicality requirement of Rule 23(a)(3) has probably been satisfied as to Ms. Rossini, unless officers be considered as a group or sub-class separate from ordinary employees. As to Ms. Zukofsky, the typicality requirement of Rule 23(a)(3) has not been satisfied. Indeed, her complaint is subject to dismissal on motion. The adequacy of representation requirement of Rule 23(a)(4) has not been satisfied for the reasons aforementioned.

The many other contentions of the defendant asserted in opposition to the motion to declare a class have all been considered and found wanting. The Court has not opened the sealed questionnaires docketed September 6, 1978 in this case, and has not considered the asking or answering of the questionnaires in reaching its conclusion on this motion, and has not read or considered the copies submitted. They are regarded as having no relevance in determining whether or not the class action should be declared.

Solely for the reasons set forth herein, the motion to declare a class is denied.

So Ordered.