Robert KAMEAN, Ray E. Coffie and Terrell Williams, individually and on behalf of all other members of Local Union 363, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Plaintiffs,

v.

LOCAL 363, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA, Gordon J. Canizio, Patrick Bellantoni, Aaron Kleinman and Richard Roes, individually and as officers or directors of Local 363, the latter name being fictitious and intended to represent all other directors or officers of Local 363; Douglas H. Windle, Gordon J. Canizio, Patrick Bellantoni, Joseph G. Canizio, Alfred Bellantoni, Aaron Kleinman, Anthony Cardillo, David Stoller, Russell Vensk, Eugene Iovine, Aaron Birdoff, Alan Westman, Murray Glick, Joe Joes, individually and as Trustees or Administrators of Local 363's Employee Benefit Trusts, the latter name being fictitious and intended to represent all other Trustees and/or Administrators of Local 363's Employee Benefit Trusts; Expert Electric, Inc., A.N. Electric Corp., Moss Electric Air Conditioning Corp., Action Electrical Contractors, Inc., Bran Electric Co., Inc., G & R Electrical Contractors, Inc., Gilston Electrical Construction Corp., Eugene Iovine, Inc., Kew Electrical Co., Inc., Lipco Electrical Corp., Monarch Electrical Contracting Corp., Neuman Electrical Corp., Supreme Electrical Corp., Tap Electrical Contracting Service, Inc., Technicon-Suriano Corp., Joseph P. Tuzzolo, Inc., Avendale Electrical Contractors, Inc. and John Does, the latter name being fictitious and intended to represent all other corporations or legal entities which were a party to a Collective Bargaining Agreement with Local 363; Frank Micelotta, Joseph Guttman, Nicolo Argano, Lazar Moses,

392

Anthony Spina, Richard Siedl, Gregory Rigas, Marvin Gilston, Eugene Iovine, Fivel Kahan, Gaspare Lipari, John Livia, Victor Neuman, George Holnes, Anthony Cardillo, Joseph A. Suriano, Joseph P. Tuzzolo, Gabriel Blau and Robert Roberts, the latter name being fictitious and intended to represent all officers, stockholders or partners of the John Does, Defendants.

No. 83 Civ. 5125–CLB.

United States District Court,
S.D. New York.

Feb. 7, 1986.

Steven I. Levin, McDonough, Marcus, Cohn & Tretter, P.C., New York City, for plaintiffs.

Martin M. Ween, Wilson, Elser, Moskowitz, Edelman & Dicker, New York City, for G. Canizio & D. Windle—trustees.

Alan M. Pollack, Feltman, Faresh, Major & Farbman, New York City, for corporate defendants.

Nicholas R. Canizio, Oddo & Canizio, Ozone Park, N.Y., for union.

## MEMORANDUM AND ORDER

BRIEANT, District Judge.

As set forth in their amended complaint dated October 4, 1984 and as subsequently modified by orders of this Court, plaintiffs in this case seek to maintain a class action pursuant to Rule 23, F.R.Civ.P., on behalf of themselves and others similarly situated in order to recover damages and unpaid wages and wage benefits allegedly due them in connection with their employment in certain New York City public works projects. The named plaintiffs, Robert Kamean, Ray E. Coffie, and Terrell Williams, are former members of Local 363 of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America ("Local 363"). They seek to represent a class consisting of all present or past members of Local 363 who allegedly were damaged during the six years identified in the complaint by the acts and practices of all defendants.

Pursuant to § 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185, the plaintiffs have brought suit against Local 363, the trustees and administrators of Local 363's employee benefit trusts, various employers who were parties to the union's collective bargaining agreement, and certain officers and directors of the union and its employers. Subject matter jurisdiction is founded upon these statutes and upon principles of pendent jurisdiction.

This action had received earlier consideration by this Court in connection with opposing motions for summary judgment. Relying on the recently decided case of *Action Electrical Contractors Co. v. Goldin,* 64 N.Y.2d 213, 485 N.Y.S.2d 241, 474 N.E.2d 601 (1984) (hereinafter the "*Action* action"), this Court dismissed all claims premised on the theory that Local 363 employers had undercompensated plaintiffs by making cash payments of wages and/or benefits in lieu of contributions to the union pension fund. The only claims surviving summary judgment were those based on the allegation that the Local 363 employers had miscalculated the wages and

pension contributions owed, so that the amounts ultimately paid—in whatever form—were less than those actually due.

Accordingly, the following claims of plaintiffs now survive: that, in violation of state and federal law and the parties' collective bargaining agreement, the employers had undercompensated plaintiffs and the class they purport to represent for work performed on public work projects in New York City; that the union and the pension fund trustees had breached their duty of fair representation and their fiduciary duty, respectively, by failing to take any action to collect these amounts due; and that the union, the employers and the trustees together "conspired" to deprive these employees of their lawful benefits.

In order to obtain the class certification that plaintiffs now seek by motion fully submitted on November 6, 1985, the plaintiffs must demonstrate that each of the four prerequisites set forth in Rule 23(a), F.R.Civ.P., have been satisfied and, in addition, that at least one of the factors described in Rule 23(b) is present. See *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 162–63, 94 S.Ct. 2140, 2145, 40 L.Ed.2d 732 (1974).

■ First, the plaintiffs must establish that the class they purport to represent is so numerous that joinder of all the aggrieved individuals would be impractical. *See* Rule 23(a)(1), F.R.Civ.P. In their complaint, the plaintiffs allege that approximately 1,000 other present and former Local 363 members were similarly underpaid, a figure based on their estimate of the number of union members who had worked for Local 363 employers while the disputed payment practices were in effect. Although their supporting affidavits specifically identify only 33 potential class members of the 1,000 alleged, this discrepancy is not fatal to their request for certification, especially when the exact number of affected persons is known to the defendants and therefore could be ascertained by the plaintiffs in the course of discovery. *See Folsom v. Blum*, 87 F.R.D. 443, 445 (S.D.N.Y.1980); *Robertson v. National*

*Basketball Association*, 389 F.Supp. 867, 897 (S.D.N.Y.1975). This Court concludes that the numerosity element of Rule 23(a) has been satisfied.

■ To satisfy the second prerequisite for obtaining class certification under Rule 23(a), the plaintiffs must prove that the dispute presents questions of law or fact that are common to all members of the prospective class. *See* Rule 23(a)(2), F.R. Civ.P. This does not mean that all issues must be identical as to each member, but it does require that plaintiffs identify some unifying thread among the members' claims that warrants class treatment. *See Blackie v. Barrack*, 524 F.2d 891, 902 (9th Cir.1975), *cert. denied*, 429 U.S. 816, 97 S.Ct. 57, 50 L.Ed.2d 75 (1976); *Vulcan Society v. Fire Department of White Plains*, 82 F.R.D. 379, 401 (S.D.N.Y.1979).

■ In this case, the issues presented by the plaintiffs regarding the employers' methods of calculating their employees' wages and benefit compensation and the union's and the trustees' alleged breach of their fiduciary obligations raise common questions of fact and law sufficient to meet the requirements of Rule 23(a)(2). Each potential class member is or was a member of Local 363; each was employed by a company that had signed a collective bargaining agreement with the union; and each was subject to the same payment practices that plaintiffs now contend were improper. Accordingly, this Court is satisfied that this requirement has been met.

■ The third prerequisite for maintaining a class action under Rule 23 focuses attention on the individual claims of the representative parties, i.e., the named plaintiffs, to determine whether they are sufficiently typical of those asserted by the remaining class members. *See* Rule 23(a)(3), F.R.Civ.P. To state this requirement another way, the plaintiffs must show that their interests are aligned with the interests of their fellow class members in order to ensure that each claim will be prosecuted with diligence and care. *Morgan v. Laborers Pension Trust Fund of*

*Northern California,* 81 F.R.D. 669, 677 (N.D.Cal.1979). As applied to these facts, this inquiry substantially overlaps the concerns incorporated into Rule 23(a)(4), i.e., that the plaintiffs demonstrate they will "fairly and adequately protect the interests of the class" they seek to represent. Rule 23(a)(4), F.R.Civ.P.

■ Therefore, in order to maintain this action on behalf of the proposed class, the plaintiffs must demonstrate not only that they share the general interest of the absent class members in recapturing the compensation allegedly due them, but also that they do not possess other, potentially conflicting interests that could impair the faithful performance of their duties as class representatives. *See Hansberry v. Lee,* 311 U.S. 32, 44, 61 S.Ct. 115, 119, 85 L.Ed. 22 (1940). It is axiomatic that no party can fairly or adequately represent the interests of the absent class, if he is also motivated by interests adverse to the class as a whole. *See id.* at 45, 61 S.Ct. at 120. Accordingly, to satisfy this requirement, the named plaintiffs must demonstrate that neither they nor their attorneys are subject to extraneous influences that would create a conflict.

■ Sources of potential conflict are not confined to pecuniary interests. Lawsuits fueled by the spite or hostility of an unduly antagonistic litigant or by some other ulterior motive or irrational purpose unrelated to the claims alleged in the complaint may also prevent class certification. *See Norman v. Arcs Equities Corp.,* 72 F.R.D. 502, 506 (S.D.N.Y.1976).

■ In this case, the named plaintiffs have failed to discharge their burden to demonstrate that they possess the necessary capacity for fair representation of the absent class members. The record before me shows that two of the three named plaintiffs (and some of the proposed class members) presently belong to a rival union having a recent history of antagonism towards, and competition with, the defendant union. The third plaintiff, Coffie, has resigned from the defendant union and is presently competing with the class in the capacity of a self-employed electrical contractor. Because the representatives and the class members are united in their interest to recapture wages and benefits allegedly denied them, there is little doubt that these claims will be prosecuted vigorously. However, this Court is not prepared to infer fair representation merely from the likelihood of vigorous representation. The loyalty of two of the named plaintiffs to their present union, Local 3 of the International Brotherhood of Electrical Workers ("Local 3"), conflicts directly with the interests of those class members, a majority, who have retained their affiliation with Local 363. *See United Independent Flight Officers, Inc. v. United Air Lines, Inc.,* 756 F.2d 1262, 1285 (7th Cir.1985). Local 3 actively competes with Local 363 for covered employees and employers, and according to one survey cited by the New York Court of Appeals has enrolled approximately 90% of the unionized electrical workers in New York City. *See Action* action, 64 N.Y.2d at 218, 485 N.Y.S.2d 241, 474 N.E.2d 601. Unlike those class members who still depend upon Local 363 for their livelihood, the named plaintiffs have no stake whatsoever in the continued economic viability of Local 363 or in its ability to survive a protracted and costly lawsuit. This conflict is itself grounds for denying class representative status to the named plaintiffs. *See Free World Foreign Cars, Inc. v. Alpha Romeo S.P.A.,* 55 F.R.D. 26, 29 (S.D. N.Y.1972). The same logic applies to a non-union electrician seeking to maintain a class action under these circumstances.

■ Moreover, as members of competing Local 3, at least two of the named plaintiffs possess a powerful incentive to dismember Local 363 and divide it from its affiliated contractors, an interest that would inevitably compromise their duty to seek and obtain for the absent class members the most favorable resolution of this dispute. Class representatives owe a duty to the class not only to prosecute the lawsuit vigorously, but also to consider the advantages of settlement and to negotiate wisely and prudently when settlement is in the long term

interest of the class, even at the cost of possible total victory. *See Rossini v. Ogilvy & Mather, Inc.*, 80 F.R.D. 131, 135 (S.D. N.Y.1978). If, as in this case, the class representatives are not motivated by the same interests and concerns as the absent class members, then there is no assurance that the important litigation decisions made will fairly and adequately vindicate the claims of the absent class members who will be bound by them thereafter. This observation extends to decisions in litigation of the sort which are commonly made by inaction, such as the failure to open or reopen settlement negotiations.

The disquieting entanglement of Local 3 and Local 363 members that would be engendered by this lawsuit if it were granted class action status would also afford the named plaintiffs access during pre-trial discovery to information about Local 363 employers and their records, which could be useful to Local 3 in its organizing efforts. In short, the absent class members and their own local union can expect to pay a steep price for the free prosecution of their claims offered by these individuals who seek to represent them.

■ The named plaintiffs have also failed to establish that their counsel would be fair and adequate advocates of the class interests. The entire cost of this law suit, including all legal fees, has been or will be paid for by an organization known as the Joint Industry Board of the Electrical Industry, which, except for one independent public appointee, is composed entirely of representatives from Local 3 and affiliated employers. According to the record submitted with this motion, there are no representatives of Local 363 on that Board.

■ Even if this Court accepts as true plaintiffs' assertions that the Joint Board will assume an impartial stance, that it will have no strategic input, and that its interests broadly embrace the integrity of the electrical contracting industry as a whole rather than representing a desire to favor Local 3 over another union, the Joint Board, as holder of the purse strings, will enjoy considerable, inappropriate control over this litigation simply because it is capable of withdrawing financing at any time. This threat, or even the possibility of such a threat, necessarily would compromise the independence of class counsel or, at a minimum, influence counsel to consider serving the policies of the Board and, conceivably, the interests of Local 3 as well as or instead of those of the class they purport to represent. In the words of the Gospel, which were cited with approval by the Second Circuit in *York v. Guaranty Trust Co. of New York*, 143 F.2d 503, 514 n. 15a (2d Cir.1944), *reversed on other grounds*, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945), "no man can serve two masters: for either he will hate the one, and love the other; or else he will hold to the one, and despise the other." Matthew 6:24.

To permit an unrelated third party to promote and finance this litigation would also require this Court to condone Maintenance, a practice that has been decried because it permits intermeddling by nonparties, and encourages litigants to advance speculative claims at no financial risk to themselves. *See Norman v. Arcs Equities Corp.*, 72 F.R.D. 502, 504 (S.D.N.Y.1976); *see also* 3B· *Moore's Federal Practice*, ¶ 23–07[1.–1], at 23–218. It would be hazardous to the interests of the class if their claims against Local 363 could be held hostage to the revocable and indeed unenforceable promise of their financial supporter, the Joint Industry Board, not to interfere in this action. The Joint Board's ties to Local 3, evidenced by overlapping membership and the fact that it is funded entirely by contributions from contractors signatory to Local 3 collective bargaining agreements, provide a strong motivation and likelihood for Local 3's interests to affect the course of the litigation.

This Court acknowledges that plaintiffs' counsel have represented the interests of this inchoate class diligently and effectively in stimulating and assisting the administrative investigations conducted by the state and federal labor boards into the payment practices in dispute here. So long as

government officials were doing the investigating and the prosecuting, the tensions between Local 3 and Local 363 were not implicated, and there was thus no opportunity for improper influences to come to bear on this action. Indeed, it remains quite likely that these officials will enforce the rights of the absent class as they may be found to exist or require the union or the trustees to do so. However, notwithstanding their faithful past performance, both the proposed class representatives and their counsel in this lawsuit have critical alliances with and obligations to Local 3 that this Court finds will be impermissible and conflicting. The long shadow cast by Local 3 over this litigation threatens the fair and adequate prosecution of the class' claims, and is likely to frustrate obtaining the most advantageous resolution of a dispute existing essentially between Local 363, its members and their employers.

Accordingly, this Court finds that the named plaintiffs and their attorneys are precluded by conflicts of interests and divided loyalties from representing this class.

The motion for class certification is therefore denied.

Having determined that this lawsuit cannot be maintained as a class action, this Court hereby dismisses the action as it pertains to those defendant contractors and officers with whom the named plaintiffs have no record of employment during the applicable statute of limitations period. Orders effecting these dismissals may be proposed on ten (10) days notice, together with an affidavit setting forth the fact of no such employment. As to such dismissals, the Court declines to make the determinations required by Rule 54(b), F.R. Civ.P., for an entry of partial judgments.

Counsel for the remaining parties shall confer in order that the individual claims of the plaintiffs may be made ready for trial or otherwise resolved without delay and at minimal litigation cost.

So Ordered.