In re THOMSON McKINNON SECURI-
TIES INC., Thomson McKinnon Inc.
and Realty International Corporation,
Debtors.

Bankruptcy Nos. 90 B 10914, 90
B 11815 and 90 B 13820.

United States Bankruptcy Court,
S.D. New York.

Nov. 6, 1991.

See also 132 B.R. 9.

Debevoise & Plimpton, New York City
(Michael E. Wiles, and Andrea L. Lebov, of
Counsel), for debtor, Thomson McKinnon
Securities Inc.

Vlock & Brown, New York City, for John
P. O'Neill.

Stroock & Stroock & Lavan, New York
City, for Creditors' Committee.

## DECISION ON MOTION AND CROSS-MOTION WITH RESPECT TO CLAIM OF JOHN P. O'NEILL

HOWARD SCHWARTZBERG,
Bankruptcy Judge.

The motion and cross-motion under review address the issue of whether or not a class proof of claim should be authorized in this liquidating Chapter 11 case.

John P. O'Neill ("O'Neill"), a customer of the debtor's stock-broker division, commenced a class action against the debtor on November 15, 1988 in the United States District Court for the Eastern District of New York. The grounds for the complaint were that the debtor allegedly violated the Securities and Exchange Act, 15 U.S.C. § 78j(b), through fraud, misrepresentation, breach of fiduciary duty and breach of contract. The underlying theory of the class action is that the debtor issued checks to thousands of its customers in New York City through a bank in Wilmington, Delaware. O'Neill contends that by issuing checks from a geographically remote bank, the debtor increased the number of days required for drafts payable to its customers to clear through the check collection system and procedure of the Federal Reserve System, thereby obtaining interest free use of its customers' funds. The Court in the Eastern District of New York permitted O'Neill to continue discovery in order to ascertain whether he could prove *scienter,* or fraudulent intent on the part of the debtor.

Discovery in the class action was halted on March 28, 1990 when the debtor filed with this court its petition for Chapter 11 relief. Thereafter, O'Neill filed with this court a proof of claim as a class representative. O'Neill now moves for permission to proceed with discovery concerning the number of class members and the amount of the transactions involved in the class, which would support his application to the United States District Court for the Eastern District of New York for class certification.

The debtor has cross-moved pursuant to 11 U.S.C. § 501 and Bankruptcy Rules 3001, 9014 and 7023 for an order striking the class claim filed by O'Neill or, alternatively, denying O'Neill permission to file a class claim.

## DISCUSSION

The issue as to whether a class proof of claim may be filed in a bankruptcy case rather than each claimant having to file individual proofs of claim has been addressed by four circuit courts. The Sixth, Seventh and Eleventh Circuit Courts have held that the filing of class claims is permissible even though not expressly authorized under the Bankruptcy Code. *Reid v. White Motor Corp.*, 886 F.2d 1462 (6th Cir.1989), *cert. denied,* 494 U.S. 1080, 110 S.Ct. 1809, 108 L.Ed.2d 939 (1990); *In re The Charter Co.,* 876 F.2d 866 (11th Cir. 1989), *cert. dismissed,* —— U.S. ——, 110 S.Ct. 3232, 110 L.Ed.2d 678 (1990); *In re American Reserve Corp.*, 840 F.2d 487 (7th Cir.1988). The Tenth Circuit has ruled that class proofs of claim may not be filed in bankruptcy cases. *Sheftelman v. Standard Metals Corp. (In re Standard Metals Corp.),* 817 F.2d 625, *vacated and reversed in part on other grounds sub. nom.,* 839 F.2d 1383 (10th Cir.1987), *cert. dismissed,* 488 U.S. 881, 109 S.Ct. 201, 102 L.Ed.2d 171 (1988).

The only district court decision in the Southern District of New York to address this issue has held that an individual may file a proof of claim in a Chapter 11 case on behalf of a class of persons who have not filed individual proofs of claim. *In re Chateaugay Corp.,* 104 B.R. 626 (S.D.N.Y.1989), *appeal dismissed,* 930 F.2d 245 (2d Cir.1991) (order allowing a class proof of claim is not a final order for purposes of appeal). Judge Debevoise in the District Court in New Jersey has similarly concluded that class proofs of claim should be permitted in adversary proceedings or when the bankruptcy judge has exercised the discretion authorized under Bankruptcy Rule 9014 to apply Federal Rule of Civil Procedure 23 to a contested matter. *In re Zenith Laboratories, Inc.,* 104 B.R. 659, 664 (D.N.J.1989).

Generally, 11 U.S.C. § 501 authorizes proofs of claim to be filed individually by creditors. There is no express provision in the Bankruptcy Code authorizing the filing of class proofs of claim. Bankruptcy Rule 3001(b), which supplements 11 U.S.C. § 501, requires that "[a] proof of claim shall be executed by the creditor or the creditor's *authorized agent....*" Fed. R.Bankr.P. 3001(b) (emphasis added). Additionally, Bankruptcy Rule 2019 requires that any representative of more than one creditor must file a verified disclosure statement. In rejecting the concept of a class proof of claim in bankruptcy, the court in the *Standard Metals* case concluded that a self-appointed agent may not file a proof of claim and after the fact inform the creditors. *Standard Metals,* 817 F.2d at 631. The Sixth, Seventh and Eleventh Circuits rejected this argument and instead concluded that retroactive authorization is conferred upon the class claimant if certification of the class is subsequently approved by the court. *Reid,* 886 F.2d at 1469–71; *Charter,* 876 F.2d at 873; *American Reserve,* 840 F.2d at 493. Similarly, if class certification is obtained, compliance with the class action procedures would satisfy the objectives of Bankruptcy Rule 2019. *Charter,* 876 F.2d at 873.

In the light of the ruling in this district that the debtor's objection to a class proof of claim is a necessary stage in a contested matter within the meaning of Bankruptcy Rule 9014, *Chateaugay,* 104 B.R. at 634, it follows that this court must exercise its discretion in determining whether or not to incorporate Bankruptcy Rule 7023 and Federal Rule of Civil Procedure 23, which govern class actions. These Rules give the court substantial discretion to consider the benefits and costs of class litigation. *American Reserve,* 840 F.2d at 488. Manifestly, the bankruptcy court's control of the debtor's affairs might make class certification unnecessary. *Id.* at 493. If application of Bankruptcy Rule 7023 is rejected by the bankruptcy court in the exercise of its discretion in accordance with the criteria set forth in Federal Rule of Civil Procedure 23, the result will be that class claims will

be denied and expunged. *Chateaugay*, 104 B.R. at 634.

Included in the factors to be considered in determining the applicability of Federal Rule of Civil Procedure 23 are "the desirability or undesirability of concentrating the litigation of the claims in the particular forum" and "the difficulties likely to be encountered in the management of a class action." Fed.R.Civ.P. 23(b)(3)(C) and (D). In the instant case, the bankruptcy forum permits the filing of many claims in one case without the need for a series of suits which could otherwise be resolved in a class action. Moreover, the costs and delay associated with class actions are not compatible with liquidation cases where the need for expeditious administration of assets is paramount so that all creditors, including those not within the class, may receive a distribution as soon as possible. Creditors who are not involved in the class litigation should not have to wait for the payment of their distributive liquidated share while the class action grinds on. The court in *American Reserve* recognized the costs and delays inherent in class actions when it said:

> Class actions consume judicial time, putting off adjudication for other deserving litigants; they impose steep costs on defendants, even those in the right. The systemic costs of class litigation should not be borne lightly.

*American Reserve*, 840 F.2d at 490.

██ In weighing the advantages and disadvantages of applying Federal Rule of Civil Procedure 23 for purposes of sustaining a class proof of claim in this liquidating Chapter 11, this court exercises its discretion under Bankruptcy Rule 9014 and rejects the application of Bankruptcy Rule 7023 and Federal Rule of Civil Procedure 23 to this contested matter. The debtor is no longer in business and the creditors are anxiously awaiting distribution with respect to their allowed claims. Significantly, O'Neill disregarded compliance with the Bankruptcy procedures regulating the filing of class proofs of claim in a bankruptcy case. He failed to petition the bankruptcy court to apply the provisions of Bankruptcy Rules 9014 and 7023 in that he never filed a Rule 9014 motion requesting that Rule 7023 apply. *See Reid v. White Motor Corp.*, 886 F.2d at 1470–71.

Accordingly, the class action will not be authorized in this case and the class proof of claim will be expunged.

## CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(a). This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(B).

2. In accordance with the discretion authorized under Bankruptcy Rule 9014, it is directed that Bankruptcy Rule 7023 and Federal Rule of Civil Procedure 23 shall not apply to this contested matter.

3. The debtor's motion to dismiss and expunge the class proof of claim filed by O'Neill is granted and such claim shall be expunged.

4. O'Neill's motion to proceed with discovery to sustain his proposed class action is denied.

SETTLE ORDER on notice.