### In re THOMSON McKINNON SECURITIES, INC., Thomson McKinnon Inc. and Realty International Corporation, Debtors.

Nos. 92 Civ. 1149 (VLB), 90 B 10914 (HS), 90 B 11815 (HS) and 90 B 13820 (HS).

United States District Court, S.D. New York.

April 8, 1992.

**32**

Harold D. Jones, New York City, U.S. Trustee.

Virginia R. Brown, Vlock & Brown, New York City, for John P. O'Neill.

Michael E. Wiles, Debevoise & Plimpton, New York City, for debtor Thomson McKinnon Securities, Inc.

Bruce H. Schneider, Stroock & Stroock & Lavan, New York City, for Creditors' Committee.

## MEMORANDUM ORDER

**VINCENT L. BRODERICK, District Judge.**

In this bankruptcy case, a customer of a securities firm in bankruptcy seeks to pursue a class action against the debtor firm, based upon that firm's use of a distant bank for payments to customers of the firm, allegedly in order to delay payments to the profit of the debtor.

In *In re Thomson McKinnon Securities, Inc.*, 133 B.R. 39 (S.D.N.Y.1991) (hereinafter the "Opinion,"), Hon. Howard Schwartzberg, Bankruptcy Judge, citing cases permitting class actions in the bankruptcy context in this district and elsewhere, noted that by virtue of Bankruptcy Rule 9014, the use in bankruptcy of class action procedures set forth in Rule 23 of the Federal Rules of Civil Procedure was permissible but discretionary. He turned to the factors enumerated forth in Rule 23(b)(3)(C) for further guidance. These embrace "the desirability or undesirability of concentrating the litigation of the claims in the particular forum" and "the difficulties likely to be encountered in the management of a class action." Opinion at 41. Applying these factors, the Bankruptcy Judge found the device inappropriate in the case before him, which led to related rulings declining to authorize further discovery and striking the class claim.

I agree with and affirm the Bankruptcy Judge's rulings, but in part on different grounds. Judge Schwartzberg's opinion states that "... the costs and delay associated with class actions are not compatible with liquidation cases where the need for expeditious administration of assets is paramount so that all creditors, including those not within the class, may receive a distribution as soon as possible. Creditors who are not involved in the class litigation should not have to wait for the payment of their distributive liquidated share while the class action grinds on." Opinion at 41.

The uniform application of this rationale would seem to preclude class action claims in virtually every bankruptcy case, which I would not be prepared to do. There may well be cases in which failure to utilize the processes of a class action will improperly benefit some creditors at the expense of other substantial creditors who are unaware of the bankruptcy. See *Matter of American Reserve Corp.*, 840 F.2d 487, 492 (7th Cir.1988) (filing of class claims permissible where bankrupt was insurance company) ("That most policyholders would not learn of the bankruptcy and the need to file proof-of-claim forms is not a good reason why the other creditors should receive $10 million in the bankruptcy.").

Where a class action is appropriate, interim payments of foreseeably available amounts could be made in the course of bankruptcy liquidation to accommodate creditors who are not in the class.

The distinguishing factors which lead me to the same conclusion as Judge Schwartzberg and to conclude that his ultimate rulings were correct are more specific:

1. The putative class representative has not established that the amounts lost by individual customers of the bankrupt from any delay in clearance of their checks would be substantial compared with their interests or those of others in the assets of the bankrupt; thus to risk delaying the liquidation would hardly be justified.

2. Extensive individualized evidence would be required showing the impact upon

each member of the putative class of delay in payment of the checks. Query whether it would not also be necessary to inquire into the extent to which the bankrupt benefitted from these delays. The necessary discovery would delay the proceedings significantly, and at the end of the road there could only be relatively marginal benefits to the customers impacted, compared with other amounts at stake.

3. The putative class action plaintiff has failed to show that there were substantial numbers of other complaints or that the plaintiff personally has lost substantial amounts. A large imbalance between the benefit to individual members of the class and the importance of the class action aspect of the case to the putative class representative might thus exist. Since this risk is plausible and other factors weigh against class action treatment, the Bankruptcy Judge properly exercised discretion in not delaying the bankruptcy proceeding to pursue the matter in greater factual detail.

If larger individual losses were involved, and a class representative able to demonstrate a significant institutional interest or substantial personal stake was on the scene, the factors mentioned in Rule 23 might point in a different direction. While class actions may be complex, they may be less so than numerous individual claims depending on the circumstances. I would not deem such class actions as being in general inapplicable or inappropriate, short of the individualized analysis which supports Judge Schwartzberg's ultimate conclusion here.

SO ORDERED.