In re **THOMSON McKINNON SECURITIES, INC., Thomson McKinnon, Inc. and Realty International Corporation, Debtors.**

**Bankruptcy Nos. 90 B 10914, 90 B 11805 and 91 B 13820.**

United States Bankruptcy Court, S.D. New York.

Nov. 16, 1992.

---

A. Arnold Gershon, P.C., New York City, for claimants.

Debevoise & Plimpton, New York City, for debtors.

## DECISION ON MOTION FOR CLASS ACTION CERTIFICATION AND CROSS–MOTION TO EXPUNGE CLASS CLAIM

HOWARD SCHWARTZBERG,
Bankruptcy Judge.

The plaintiffs, E. Vincent O'Brien ("O'Brien") and Richard M. Meyer ("Meyer") have moved pursuant to Rule 23 of the Federal Rules of Civil Procedure, as incorporated in Federal Rule of Bankruptcy Procedure 7023, to certify their claim as a class action. The Chapter 11 debtor, Thomson McKinnon Securities, Inc. ("TMSI"), has cross-moved pursuant to 11 U.S.C. § 501 and Rules 3001, 9014 and 7023 of the Federal Rules of Bankruptcy Procedure, for an order disallowing and expunging the plaintiffs' claim to the extent it purports to represent a claim on behalf of a class of absent claimants.

## FACTUAL BACKGROUND

The debtor, TMSI, is a corporation that had been engaged in the securities business as a stockholder and is now in the process of liquidating its assets as a debtor in possession in the voluntary Chapter 11 petition filed with this court on March 28, 1990.

The plaintiffs' proof of claim then relates to investments that they made in 1982 and litigation they commenced in the United States District Court for the Southern District of New York on October 23, 1986, which was subsequently voluntarily dismissed and recommenced in the Pennsylvania Court of Common Pleas in September of 1987.

The plaintiffs allege fraud in the sale of limited partnership interests in a partnership known as TM Chestnut Hill Residential Partners, Ltd. ("Chestnut Hill"). The Pennsylvania state court complaint was attached to the plaintiffs' proof of claim and alleges two claims for relief. The first claim is a fraud action alleging misrepresentations of material facts and omissions of material facts from the private placement memorandum disseminated in September of 1982 by the debtor, TMSI, and others in connection with the sale of limited partnership interests in Chestnut Hill. The second claim alleges breach of contract, breach of fiduciary duty and unjust enrichment in connection with the 1986 sale of the Chestnut Hill partnership interests in the Chestnut Hill apartment complex which allegedly provided excess payments to the debtor and others and reduced payments to the limited partners. The debtor, TMSI, acted as placement agent in selling limited partnership interests in private placements

under the securities laws and pursuant to a written private placement memorandum.

In 1985, the general partners of Chestnut Hill entered into transactions with John Gordon Berg and First Philadelphia Realty Company that led to the sale of Chestnut Hill's property. The complaint in the plaintiffs' Pennsylvania state court action reveals that those transactions were disputed by Chestnut Hill's limited partners. The transactions were the subject of two votes by the limited partners. In the first vote, the proposed transaction failed to get the required 65% approval. The second sale, in September of 1986, apparently obtained a requisite 65% approval by the limited partners.

The state court suit was commenced against the general partners of Chestnut Hill, the purchasers of the property, and the debtor, TMSI, as the placement agent in selling the limited partnership interests. The debtor is charged with misrepresentations as to the terms of a private placement memorandum distributed to the class members in September 1982. It is also alleged that the debtor failed to provide continuing oversight services for which it received fees, and allowed the managers of Chestnut Hill to place control of its assets in the hands of the purchasing defendants. It is further alleged that the debtor failed to advise and monitor the partnership, with the result that the limited partners were coerced into a forced sale of the partnership property at an unfairly low price, to the detriment of the limited partners.

Plaintiffs allege that the proposed class consists of approximately 70 limited partners of Chestnut Hill and that the members of this class are so numerous that joinder of all members is impracticable.

The debtor observes that more than nine and a half years have passed since the limited partnership units in Chestnut Hill were sold and more than five and a half years have passed since the last events complained of by the plaintiffs transpired. The debtor asserts that to date it knows of no other investor or limited partner in Chestnut Hill who has at any time complained about his or her investment. No other investors or limited partners have filed any claims in the bankruptcy case.

## DISCUSSION

■ The plaintiffs' motion for class action certification of their proposed class claim and the debtor's cross-motion to expunge the class claim constitute a contested matter not included as one of the adversary matters governed by Federal Rule of Bankruptcy Procedure 7001, and is therefore governed by Federal Rule of Bankruptcy Procedure 9014. In accordance with Federal Rule of Bankruptcy Procedure 9014, the court "may at any stage in a particular matter direct that one or more of the other rules in Part VII shall apply." Because Federal Rule of Bankruptcy Procedure 7023, which governs class certification, is not one of the rules expressly included under Federal Rule of Bankruptcy Procedure 9014, it may be made applicable only as directed by the court. In determining whether to apply Federal Rule of Bankruptcy Procedure 7023, the court should consider the criteria set forth in Federal Rule of Civil Procedure 23, as adopted by Federal Rule of Bankruptcy Procedure 7023, in order to ascertain if the proceeding warrants class certification.

Initially, it should be noted that the courts are not unanimous on the issue as to whether a class proof of claim may be filed in a bankruptcy case rather than each claimant having to file individual proofs of claim. The rulings pro and con were cited in this court's decision in *In re Thomson McKinnon Securities, Inc.,* 133 B.R. 39, 40 (Bankr.S.D.N.Y.1991), *aff'd,* 141 B.R. 31 (S.D.N.Y.1992). There is no express provision in the Bankruptcy Code authorizing the filing of class proofs of claim. Proofs of claim must be filed pursuant to 11 U.S.C. § 501, which generally authorizes proofs of claim to be filed individually by holders of claims. According to the Federal Rules of Bankruptcy Procedure, proofs of claim "shall be executed by the creditor or the creditor's authorized agent...." Fed.R.Bank.P. 3001(b). Moreover, Federal Rule of Bankruptcy Procedure 2019(a) requires that any representative of more

than one creditor must file a verified disclosure statement.

 In light of the unsettled status of class claims in bankruptcy cases, a court should not exercise its discretion in applying Federal Rule of Bankruptcy Procedure 7023 for purposes of authorizing class certification unless it clearly appears that the criteria expressed in Federal Rule of Civil Procedure 23 have been satisfied, assuming that class proofs of claim are allowed in bankruptcy cases. This circumspect approach is most compelling in the instant case where from the time the plaintiffs first filed their purported class claim on September 20, 1990, until their motion for class certification, filed on May 27, 1992, the plaintiffs never complied with Federal Rule of Bankruptcy Procedure 2019 by filing a verified disclosure statement, and never sought an order from the court directing that Federal Rule of Bankruptcy Procedure 7023 should apply in a contested matter under Federal Rule of Bankruptcy Procedure 9014. The fact that the plaintiffs did not move for class certification promptly after filing their purported class claim detracts from the discretionary factors to be considered in determining class certification because Federal Rule of Civil Procedure 23(c)(1) specifically requires that such determination must be sought "[a]s soon as practicable after the commencement of an action brought as a class action...." Fed.R.Civ.P. 23(c)(1).

### Class Certification

 The requirements for class certification are expressed in Federal Rule of Civil Procedure 23(a) as follows:

**Rule 23. Class Actions**

(a) Prerequisites to a Class Action.

One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed.R.Civ.P. 23.

### Numerosity

 The first prerequisite for obtaining class certification is numerosity. The plaintiffs allege that the class in this case amounts to approximately 70 limited partners. The debtor contends that there are only 59 limited partners, including the two plaintiffs. Assuming that the class consists of 70 limited partners, no limited partner of Chestnut Hill, other than the two plaintiffs, has filed a proof of claim in this case since the debtor filed its Chapter 11 petition on March 28, 1990. Individual limited partners could have filed individual claims more than two and one half years ago when this bankruptcy case was first commenced, yet they did not decide to do so. Manifestly, if any of the other 68 limited partners believed that a claim existed against the debtor, such claimant could have simply filed an individual proof of claim in the bankruptcy case which could be resolved without the need for a class action. Generally, the bankruptcy court's control of the debtor's affairs makes class certification unnecessary. *In re American Reserve Corp.*, 840 F.2d 487, 493 (7th Cir. 1988). Indeed, the bankruptcy process is especially suited to the concept of individual filing and resolution of many claims in one case without the need for a series of suits which could otherwise be resolved in a class action, especially when dealing with a liquidation case, as is the instant case, where the need for expeditious administration of assets is important for all creditors, including those not within the class. *Thomson McKinnon*, 133 B.R. at 41. The argument addressed to numerosity lacks persuasiveness in that only two limited partners of Chestnut Hill have seen fit to file claims in this bankruptcy case where a total of 6593 claims have been filed and will be dealt with. The fact that there might be 70 additional claims to deal with does not present a numerosity justification for certifying a separate class action in this bankruptcy case.

### All Claims Must Be Typical

Another prerequisite to class certification is that the plaintiffs' claims must be typical of the claims in the purported class. The plaintiffs have not established that the other investors in the limited partnership interests in Chestnut Hill relied on the alleged misrepresentations of the debtor or that the debtor made the same false oral written representations to each of the other limited partners. This is especially significant because the sale which is the subject of the plaintiffs' claim was approved by at least 65% of the limited partners. Thus, at least 65% of the class voted for the sale and may be satisfied with the results, as evidenced by the fact that no limited partners filed any claims in this case other than the two plaintiffs, who seek the class certification. From the time that the plaintiffs commenced their first litigation with respect to the Chestnut Hill transaction in the United States District Court for the Southern District of New York on October 23, 1986, no other limited partner has seen fit to assert any claims against the debtor or to join the plaintiffs in the prosecution of their claim. In light of these facts, it cannot be concluded that the plaintiffs' claims are typical of the purported class.

### Fair and Adequate Protection

■ Another prerequisite is that the representative plaintiffs must fairly and adequately protect the interests of the class. The plaintiffs must demonstrate that they are not motivated by interests adverse to the class as a whole. *Kamean v. Local 363 Int'l Bhd. of Teamsters,* 109 F.R.D. 391, 395 (S.D.N.Y.1986), *appeal dismissed,* 833 F.2d 1002 (2d Cir.), *cert. denied,* 481 U.S. 1024, 107 S.Ct. 1911, 95 L.Ed.2d 517 (1987). In the instant case at least 65% of the limited partners voted for the sale in question. The approving limited partners might have interests that are adverse to those of the plaintiffs. In any event, the plaintiffs have not demonstrated that their interests are similar to all of the other limited partners and that they fairly and adequately will protect the interests of the 65% of the limited partners who voted for the sale in question.

Because it is clear that the plaintiffs cannot satisfy all of the prerequisites for class certification, as delineated in Federal Rule of Civil Procedure 23(a), it follows that in the exercise of judicial discretion, Federal Rule of Bankruptcy Procedure 7023 should not be applied to this contested matter under Federal Rule of Bankruptcy Procedure 9014. Hence, the plaintiffs' motion for class action certification should be denied and the debtor's cross-motion to expunge the plaintiffs' purported class claim should be granted, with leave to the plaintiffs to amend their class claim so as to reflect only their individual claims.

## CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(a). This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(A) and (B).

2. Federal Rule of Civil Procedure 23 should not be made applicable to this contested matter under Federal Rule of Bankruptcy Procedure 9014.

3. The plaintiffs' motion for class certification pursuant to Federal Rule of Civil Procedure 23 and Federal Rule of Bankruptcy Procedure 7023 is denied.

4. The debtor's cross-motion to expunge the plaintiffs' purported class claim is granted with leave to plaintiffs to amend their class claim so as to reflect their individual claims only.

SETTLE ORDER on notice in accordance with the foregoing.