**In re CHATEAUGAY CORPORATION, Reomar, Inc., The LTV Corporation, et al., Debtors.**

**Beverly Ann Burton ILES, Rosalinda Leal Harville, Kimberly Thorton, Haydee Mayorga, Loretta Jon Bell, Elaine Gokenstein, Kristi Mooney, Barbara McCauley, Selina Griffin, et al., Appellants,**

v.

**LTV AEROSPACE AND DEFENSE COMPANY, Appellee.**

**INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA (UAW) and its Local 848, Appellants,**

v.

**LTV AEROSPACE AND DEFENSE COMPANY, Appellee.**

Nos. 88 Civ. 6456(MEL), 88 Civ. 6488(MEL).

United States District Court, S.D. New York.

Sept. 6, 1989.

Youngdahl & Youngdahl, P.A., Little Rock, Ark. (James E. Youngdahl, Shereen Arent, Deborah Jeon, of counsel), Eisner, Levy, Pollack & Ratner, P.C., New York City (Eugene G. Eisner, of counsel), for appellants Beverly Ann Burton Iles, Rosalinda Leal Harville, Kimberly Thorton, Haydee Mayorga, Loretta Jon Bell, Elaine Gokenstein, Kristi Mooney, Barbara McCauley, Selina Griffin, et al.

Securities and Exchange Commission, New York City (Nathan M. Fuchs, Eric Haber, Martha H. McNeely, Leslie E. Smith, of counsel). Appearing as a Statutory Party in Support of appellants Beverly Ann Burton Iles, et al.

Levin & Weintraub & Crames, New York City (Herbert Stephen Edelman, of counsel), Davis Polk & Wardwell, New York City, for appellee LTV Aerospace and Defense Co.

Eisner, Levy, Pollack & Ratner, P.C., New York City (Eugene G. Eisner, of counsel), Intern. Union, UAW, Detroit, Mich., Jordan Rossen, Gen. Counsel, Michael B. Nicholson, Daniel W. Sherrick, Associate Gen. Counsel, for appellants Intern. Union, United Auto., Aerospace and Agr. Implement Workers of America (UAW), and its Local 848.

Stroock & Stroock & Lavan, New York City (Lawrence M. Handelsman, Mark A. Speiser, Karen Burns–Cummings, of counsel), for the Official Committee of Unsecured Creditors in Support of LTV.

LASKER, District Judge.

Beverly Ann Burton Iles and eight other women (collectively "the Iles plaintiffs"), on behalf of themselves and all other similarly situated women employees, former employees and applicants for employment at the Grand Prairie, Texas facilities of appellee/debtor LTV Aerospace and Defense Company ("LTV"), and the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America and its Local 848 (collectively "the UAW") appeal an order of the bankruptcy court disallowing and expunging two separate but related proofs of claims filed by the Iles plaintiffs and the UAW, respectively, in a Chapter 11 bankruptcy proceeding against LTV.[1] The appeal presents two issues: 1) whether, under the Bankruptcy Code, proofs of claim may be filed on behalf of a class of claimants and 2) whether the UAW is a creditor or agent of its members—the Iles Plaintiffs—authorized to file proofs of claim on their behalf. For the reasons discussed below the decision of the bankruptcy court is reversed, the filing of the two proofs of claim are approved, and the case is remanded to the bankruptcy court.

## I. BACKGROUND

On January 22, 1986 the Iles plaintiffs and the UAW filed an action in the United

---

1. The separate appeals of the Iles plaintiffs and the UAW were consolidated and argued before this court.

States District Court for the Northern District of Texas, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, alleging a series of discriminatory hiring and employment policies and practices by defendants LTV and the Vought Corporation ("Vought"). The complaint charged that LTV discriminated on the basis of gender in its hiring, promotion and compensation policies and that it maintained an atmosphere that subjected women employees to verbal, physical and sexual harassment. On April 26, 1986 the Iles plaintiffs and the UAW moved pursuant to Fed.R.Civ.P. 23 to certify a class consisting of all past, present and future women hourly employees and applicants for hourly employment at LTV or Vought facilities in Grand Prairie, Texas. The Texas court established a discovery schedule and set a hearing on the certification motion for March 23, 1987. On July 17, 1987, before discovery was complete, the action was automatically stayed pursuant to 11 U.S.C. § 362(a) when LTV Corporation and more than 60 of its wholly-owned subsidiaries, including LTV ("collectively the debtors") filed for reorganization under Chapter 11 of the Bankruptcy Code. The bankruptcy court denied the Iles Plaintiffs' applications to proceed with discovery and trial of their request for injunctive relief.

On November 27, 1987 Shereen Arent of Youngdahl and Youngdahl, P.A., counsel for the Iles Plaintiffs, filed a contingent and unliquidated proof of claim on behalf of the Iles Plaintiffs ("the Iles claim") in the bankruptcy proceeding. The claim was made on behalf of the individual Iles Plaintiffs and a class of similarly situated women for damages against LTV based on the allegations in the complaint filed in the district court action. On the same day the UAW filed a Proof of Multiple Claims as the authorized agent for its current and former members who are or were employees of LTV; among these filings were unliquidated claims for wages and other amounts owed to current and former women members and LTV employees as a result of alleged discrimination ("the UAW claim").[2] Like the Iles Claim, the UAW claim was based on the facts set forth in the complaint in the district court action.

On April 5, 1988 LTV moved to disallow and expunge the Iles claim and the UAW claim. On June 20, 1988 the bankruptcy court heard and granted the motion. Chief Judge Lifland of the bankruptcy court held that the two claims were class proofs of claim and as such were barred under the Bankruptcy Code. A written order that the two claims be disallowed and expunged was entered on June 30, 1988. These appeals followed. The Securities and Exchange Commission ("SEC"), as a statutory party,[3] has submitted memoranda in support of the Iles Plaintiffs. The Official Committee of Unsecured Creditors of the LTV Corporation has submitted a memorandum in support of LTV.

## II. THE STANDARD OF REVIEW

LTV argues that the ruling below may be reversed only upon a finding of abuse of discretion because the issues were committed to the discretion of the bankruptcy court. However, the decisions upon which LTV relies are inapplicable to the facts of this case. The cited instances all involve review of particular decisions by the bankruptcy court to lift automatic stays of litigation pursuant to Bankruptcy Rule 401. *See, e.g., In re Frigitemp Corp.*, 8 B.R. 284, 289 (S.D.N.Y.1981). Section 362(d) of The United States Code authorizes the bankruptcy court to grant relief from an automatic stay "for cause." Such a ruling involves a factual determination based on the particulars of each individual case, and the decision is specifically committed by statute to the discretion of the bankruptcy judge. 11 U.S.C. § 362(d).

---

**2.** Claims of unsuccessful applicants for employment with LTV were not included. UAW's Brief on Appeal From Order Disallowing Portion of UAW's Proof of Multiple Claims, at App. C, p. 4 (Nov. 21, 1988) (Declaration of B.J. Meeks (executed June 9, 1988)).

**3.** Pursuant to 11 U.S.C. § 1109(a) the SEC may act as a special advisor to the court and "may raise and may appear and be heard on any issue" on behalf of the interests of public investors.

By contrast, the bankruptcy court's ruling in the case at hand was on a purely legal issue and is therefore reviewable de novo. *Truck Drivers Local 807 v. Carey Transp. Inc.*, 816 F.2d 82, 88 (2d Cir.1987); *In re Mullet*, 817 F.2d 677, 679 (10th Cir. 1987). The court held that the Iles claim and the UAW claim were class proofs of claim, the filing of which is legally barred under the Bankruptcy Code; it did not exercise its discretion to deny an otherwise legal procedure, as LTV contends. Accordingly, this court must determine whether class proofs of claim may be filed under the Bankruptcy Code and whether the UAW was authorized to file the challenged portion of its Proof of Multiple Claims as a creditor or an agent of its members, the Iles Plaintiffs.

## III. WHETHER PROOFS OF CLAIM ON BEHALF OF A CLASS ARE PERMISSIBLE IN BANKRUPTCY

The question whether an individual may file a proof of claim in a Chapter 11 bankruptcy proceeding on behalf of a class of persons who have not filed individual proofs of claim is one of first impression in this circuit. Of the three other circuits that have addressed this issue, two have held the filing of such class proofs of claim permissible. *In the Matter of American Reserve Corp.*, 840 F.2d 487, 488 (7th Cir. 1988); *In re Charter Co.*, 876 F.2d 866, 873 (11th Cir.1989). The Tenth Circuit has found the filing of class proofs of claim to be unauthorized under the Code, *In re Standard Metals Corp.*, 817 F.2d 625, 630 (10th Cir.1987), *vacated and reversed in part on other grounds sub. nom.*, *Sheftel-*

*man v. Standard Metals Corp.*, 839 F.2d 1383 (10th Cir.1987), as have the majority of bankruptcy courts to address the issue. *See In re Charter Co.*, 876 F.2d at 869 n. 3 (citing cases).

### A. The Bankruptcy Code

The Bankruptcy Code does not directly address the question whether filing a proof of claim on behalf of a class is permitted. 11 U.S.C. § 501 states in relevant part:

 (a) A creditor or an indenture trustee may file a proof of claim....

 (b) If a creditor does not timely file a proof of such creditor's claim, an entity that is liable to such creditor with the debtor, or that has secured such creditor, may file a proof of such claim.

 (c) If a creditor does not timely file proof of such creditor's claim, the debtor or the trustee may file a proof of such claim.

Bankruptcy Rule 3001(b) states: "A proof of claim shall be executed by the creditor or the creditor's authorized agent except as provided in Rules 3004 and 3005." The bankruptcy court in this case stated that "when read in a coherent way [the rules cited above] require individual filings on the part of creditors with the exceptions that have been set forth." [4] The court relied on the reasoning of its own prior holding that, because § 501(a) expressly permits an indenture trustee to file a class proof of claim, the omission of a similar provision for filing of class proofs of claim by other claimants indicates that Congress sought to bar them. *In re Johns–Manville Corp.*, 53 B.R. 346, 350–51 (Bankr.S.D.N.Y. 1985).[5]

---

4. Transcript of Oral Argument on Motion of LTV Aerospace and Defense Company for an Order Expunging and Disallowing Certain Claims, *In re Chateaugay Corp.*, No. 86 B 11270 (BRL) (June 20, 1988) ("T") 58.

5. In *Johns–Manville* a creditors' committee for claimants whose schools had suffered asbestos-related property damage filed a proof of claim on behalf of a class of all schools and school districts in the United States ("school claimants"). The creditors committee simultaneously filed a class action against the debtor. Judge Lifland ruled that the filing of class proofs of claim was not authorized under the Code or prior case law, and that the creditors' committee

could not "by an act of prestidigitation, ... materialize some 37,500 entities into these proceedings as putative creditors despite their failure to file, acknowledge or press individual claims." *Id.* at 347.

For the reasons stated below the analysis in *Johns–Manville* regarding the lack of explicit statutory authorization does not support barring the filing of proofs of claim on behalf of a class. However, the *Johns–Manville* decision may well provide sound arguments, based on the particular facts of the case, for denying class certification in a particular bankruptcy proceeding after a class proof of claim has been filed. In this regard *Johns–Manville* is distinguishable on the

While such an analysis is logically tenable, there is no evidence in the legislative history or elsewhere that the provision in § 501(a) permitting indenture trustees to file proofs of claim on behalf of other individuals was intended to exclude the filing of class proofs of claim by other representatives. *See In re Charter Co.* 876 F.2d 866, 871–72 n. 9 ("There is no indication that [§ 501(a)] was meant to do anything else than describe the indenture trustee's authority or was meant to reflect on any other aspect of the statute."). In *American Reserve* Judge Easterbrook persuasively points out that merely because § 501 specifies that certain representatives may file proofs of claim (for instance a debtor may file on behalf of a creditor) does not mean that other representative filings are barred.

> Why should we infer from the list of ways to do something that there are no others? The legislature does not tie up every knot in every statutory subsection.... The history and structure of a statute may show that a list is exhaustive, e.g. *National Railroad Passenger Corp. v. National Association of Railroad Passengers*, 414 U.S. 453, 458, 94 S.Ct. 690, 693, 38 L.Ed.2d 646 (1974), but also may show that Congress has not grappled with the problem, e.g. *Herman & MacLean v. Huddleston*, 459 U.S. 375, 387 n. 23, 103 S.Ct. 683, 690, n. 23, 74 L.Ed.2d 548 (1983).

> Neither the legislative history nor the structure of the 1978 Code suggests that the list in § 501 is exclusive. The history is silent—on class actions, on representative claims in general.... And the filing of representative claims other than those listed would not interfere with the operation of the bankruptcy system. Quite the opposite, some un-enumerated representative filings are essential. Section 501 omits the most common representative filing of all: by an agent on behalf of the principal.

840 F.2d at 492–93. Indeed, Bankruptcy Rule 3001(b) provides for filing of a proof of claim by a creditor's authorized agent even though there is no express provision for such filing in section 501. *In re Charter Co.* 876 F.2d at 871; *In the Matter of Retirement Builders, Inc.*, 96 B.R. 390, 392 (Bankr.S.D.Fla.1988). Thus, the omission of explicit reference in the Code to filing a proof of claim on behalf of a class does not compel the conclusion that such a filing is barred.

The *American Reserve* decision also emphasized that Rule 7023 would be meaningless if § 501 was deemed to bar class proofs of claim. 840 F.2d at 493.

> The representative in a class action is an agent for the missing. Not every effort to represent a class will succeed; the representative is an agent only if the class is certified. Putative agents keep the class alive pending the decision on certification. If the bankruptcy judge denies the request to certify a class, then each creditor must file an individual proof of claim.... If the court certifies the class, however, the self-appointed agent has become "authorized", and the original filing is effective for the whole class (the principals). It follows that there may be class proofs of claim in bankruptcy.

*Id.*

Although the statute does not explicitly disallow the filing of a class claim, LTV argues that Congress nonetheless intended to bar such claims because, in Section 501 of the 1978 Bankruptcy Code, it substantially reenacted former § 57(a) of the Bankruptcy Act, which courts had "uniformly

---

facts from the case at hand. In *Johns–Manville,* unlike the instant case, claimants clearly received adequate notice of their right to file individual proofs of claim; individual notice was mailed to each school district and the creditors committee had repeatedly stated that individual proofs of claim would be filed. *Id.* at 352. By contrast, the Iles Plaintiffs contend that the publication notice issued by LTV was inadequate. Moreover, in *Johns–Manville* the creditors were school districts, large organizations that were aware of the ongoing bankruptcy and of their rights in that proceeding. In this case, by contrast, the individual members of the Iles Plaintiffs' proposed class—hourly female employees—should not be expected to understand bankruptcy procedure; many may not even know that they have a claim for sex discrimination.

... interpreted as barring class claims," according to LTV. Consistent with this argument, the Supreme Court has stated that:

The normal rule of statutory construction is that if Congress intends for legislation to change the interpretation of a judicially created concept, it makes that intent specific. *Edmonds v. Compagnie Generale Transatlantique*, 443 U.S. 256, 266–267 [99 S.Ct. 2753, 2759–2760, 61 L.Ed.2d 521] (1979). The Court has followed this rule with particular care in construing the scope of bankruptcy codifications.

*Midlantic National Bank v. New Jersey Dept. of Envt'l Protection*, 474 U.S. 494, 501, 106 S.Ct. 755, 759, 88 L.Ed.2d 859 (1986); *see also Kelly v. Robinson*, 479 U.S. 36, 53, 107 S.Ct. 353, 363, 93 L.Ed.2d 216 (1986) (holding state criminal restitution obligations not dischargeable in Chapter 7 bankruptcy proceedings "[i]n light of ... the uniform construction of the old [Bankruptcy] Act over three-quarters of a century, and the absence of any significant evidence that Congress intended to change the law in this area...."). In *Midlantic* the Court held that a bankruptcy trustee may not, pursuant to § 554(a) of the Code, abandon property in contravention of a state statute or regulation that is reasonably designed to protect public health and safety. The Court concluded:

Thus, when Congress enacted § 554, there were well-recognized restrictions on a trustee's abandonment power. In codifying the judicially developed rule of abandonment, Congress also presumably included the established corollary that a trustee could not exercise his abandonment power in violation of certain state and federal laws.

*Id.* 474 U.S. at 501, 106 S.Ct. at 759.

However, the *Midlantic* analysis is inapplicable here because any disallowance of class proofs of claim prior to Congress' enactment of the Bankruptcy Code of 1978 was not a "well-recognized" or "established" judicial concept, as LTV contends.

See *In re Charter Co.*, 876 F.2d at 870 n. 6 (collecting cases and concluding that prior to 1978 "there was no 'widely accepted' judicial interpretation of section 501 which Congress could be presumed to have ratified"). When § 501 was enacted in 1978 no circuit courts had considered the issue, and only one reported and two unreported bankruptcy decisions barred class proofs of claim. See *In Re Society of the Divine Savior*, 15 Fed.R.Serv.2d 294, 298 (E.D. Wis.1971) (holding class proofs of claim impermissible under the Bankruptcy Act's "stringent requirement that each and every creditor shall file his proof of claim in order to participate"); *In Re Cartridge Television, Inc.*, 535 F.2d 1388, 1389–90 (2d Cir.1976) (appeal of bankruptcy court's unreported holding that filing of class proofs of claim was impermissible under the Code and Rules mooted because the underlying class action allegations were dismissed); *In Re Stirling Homex Corp.*, 579 F.2d 206, 209–10 n. 5 (2d Cir.1978) (ruling in unreported bankruptcy decision that filing of proofs of claim on behalf of a class is not permissible was not contested on appeal and not considered by court); *In Re GAC Corp.*, 681 F.2d 1295, 1299–1300 (11th Cir.1982) (disallowing class proof of claim for failure to comply with procedural requirements but not deciding issue whether class claims may ever be filed).[6] Congress' failure to address the issue presented by these few decisions cannot fairly be interpreted as approving them or evincing an intention to bar the filing of class proofs of claim. An equally likely, perhaps more likely, conclusion is that Congress simply failed to consider the issue.

Moreover, appellants and the SEC argue persuasively that allowing class proofs of claim is consistent with the legislative history and bankruptcy policy underlying the Code. The term "claim" is defined in 11 U.S.C. § 101(4) as:

(A) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisput-

---

6. Moreover, two unreported bankruptcy decisions permitted the filing of class proofs of claim. *In re Charter*, 876 F.2d at 870 n. 6 (citing cases).

ed, legal, equitable, secured, or unsecured; or

(B) right to an equitable remedy for breach of performance if such breach gives rise to a right of payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

This definition, newly enacted in the Bankruptcy Code of 1978, represented a significant expansion of the scope of prior law. "[In the new Code] concepts of provability and allowability were eliminated in favor of an all-encompassing definition of 'claim,' which includes any right to payment regardless of how contingent or unmatured it might be." *Matter of Baldwin–United Corp.,* 55 B.R. 885, 897 (Bankr.S.D. Ohio 1985). Permitting the filing of an unliquidated class action claim is certainly consistent with this new broader definition of "claim." The legislative history states:

> [The statute] contemplates that all legal obligations of the debtor, no matter how remote or contingent, will be able to be dealt with in the bankruptcy case. It permits the broadest possible relief in the bankruptcy court.

H.R.Rep. No. 595, 95th Cong., 1st Sess. 309 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6266. This expression of legislative intent is served by permitting the filing of class proofs of claim. In following the persuasive decision of Judge Easterbrook in *American Reserve* and holding that class proofs of claim may be filed, the Court of Appeals for the Eleventh Circuit stated:

> [T]he bankruptcy statute has the goal of facilitating creditor compensation. It would be incongruous for this bedrock policy to be thwarted by reading a procedural limitation into the Code. Bankruptcy also seeks to achieve equitable distribution of the estate. Persons holding small claims, who absent class procedures might not prosecute them, are no less creditors under the Code than some-

one with a large, easily filed claim. Applying Rule 23 to filing procedures will bring all claims forward, as contemplated by the Bankruptcy Code.

*In re Charter Co.,* 876 F.2d at 871. In sum, permitting proofs of claim to be filed on behalf of a class is at the least consistent with the broad goals of the Bankruptcy Code of 1978.

### B. The Application Of *Califano v. Yamasaki*

Appellants and the SEC argue that in the absence of a definitive answer in the statutory text or legislative history to the question whether filing of proofs of claim on behalf of a class is permissible, the analysis of the Supreme Court in *Califano v. Yamasaki,* 442 U.S. 682, 99 S.Ct. 2545, 61 L.Ed.2d 176 (1979) provides the rule of decision. In *Yamasaki* the Court held that 42 U.S.C. § 405(g) of the Social Security Act,[7] which provides that "any individual" may seek judicial review of final administrative determinations, also permits class actions for such relief, even though the statute does not specify that class actions may be maintained. *Id.* at 699–700, 99 S.Ct. at 2556–57. The Court concluded that although the statute refers only to "individual" review, there was no discernible "clear expression of congressional intent" to preclude the operation of the Federal Rules of Civil Procedure (and Rule 23 in particular) so as to bar class actions in § 405(g) suits. *Id.* at 700–01, 99 S.Ct. at 2557–58.

> Indeed, a wide variety of federal jurisdictional provisions speak in terms of individual plaintiffs, but class relief has never been thought to be unavailable under them.
>
> . . .
>
> . . . [C]lass relief for claims . . . is particularly appropriate [where] [t]he issues involved are common to the class as a whole . . . [and] turn on questions of law applicable in the same manner to each member of the class.

---

**7.** § 405(g) states in pertinent part:

Any individual, after any final decision of the Secretary made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision. . . .

*Id.* at 700–01, 99 S.Ct. at 2557–58. Under the rationale of *Yamasaki*, the use of the terms "creditor" or "indenture trustee" in Bankruptcy Code § 501(a) does not bar class proofs of claim any more than the use of the word "individual" in § 405(g) bars class action review of administrative decisions under the Social Security Act.

In its opinion disallowing class proofs of claims in bankruptcy, the Court of Appeals for the Tenth Circuit distinguished *Yamasaki* on the grounds that the Federal Rules of Civil Procedure (including Rule 23 providing for class actions) are not generally applicable to contested bankruptcy proceedings. *In re Standard Metals Corp.*, 817 F.2d 625, 631 n. 8 (10th Cir.1987). However, courts have permitted class actions in situations in which there was no express rule authorizing them or where the Federal Rules of Civil Procedure are not generally applicable. *See, e.g., Quinault Allottee Ass'n v. United States*, 197 Ct.Cl. 134, 453 F.2d 1272, 1274–75 (1972) (holding class actions permissible in court of claims even though court had not adopted Rule 23 or parallel rule). With respect to the question in the instant case, whether class proofs of claim may be filed in bankruptcy, there is lacking in the Code "the necessary clear expression of congressional intent" required by *Yamasaki* to bar the presumption that class proofs of claim are permissible.

### C. Bankruptcy Policy

There is no reason to assume that permitting the filing of class proofs of claim would cause excessive delay or unmanageable problems of valuation, as LTV contends. 11 U.S.C. § 502(c)(1) states:

There shall be estimated for purpose of allowance under this section—(1) any contingent or unliquidated claim, fixing or liquidation of which, as the case may be, would unduly delay the closing of the case.

Judge Easterbrook noted in *American Reserve* that:

Difficulty in valuation is not unique to class actions. Any unliquidated, contingent claim may be hard to value. At all events, Rule 23(c)(1) requires the court to decide "as soon as practicable after the commencement" of the action whether it may be maintained as a class suit; Rule 23(c)(2) requires the court promptly to cause the members of the class to be notified, so that they can opt out. If the bankruptcy court follows these directives, the class will be certified (or rejected) quickly, and if certified its members will be identified and those uninterested in recovery removed from the class.

840 F.2d at 491. Given that § 502(c)(1) specifically provides for the expeditious estimation of unliquidated contingent claims such as the class claims made in the case at hand, and bankruptcy courts are experienced in this procedure,[8] there is no reason to think that permitting the filing of class claims will cause special delay or uncertainty in settling the debtor's estate. Even if this were not so, however, any potential marginal increase in delay or in difficulty of valuation of claims would be justified in order to protect the right of small claimants (who might not otherwise be aware of the existence of or be able to process their claims) to be represented by the filing of a class proof of claim. Finally, the right to file class proofs of claim will not impose any significant additional burden on the bankruptcy court because it retains discretion to reject proofs of claim filed on behalf of a class in appropriate circumstances.

### D. Bankruptcy Rules 7023 and 9014

In *American Reserve* the court specifically held that the interplay of two Bankruptcy Rules provides a positive basis for concluding that proofs of claim may be filed on behalf of a class at the discretion of the bankruptcy judge. Bankruptcy Rule 7023 states: "Rule 23 F.R.Civ.P. applies in adversary proceedings." Bankruptcy Rule 9014 states that in any "contested matter

---

**8.** *See, e.g., Kane v. Johns–Manville Corp.*, 843 F.2d 636 (2d Cir.1988) (affirming Chapter 11 reorganization involving estimation of value of thousands of unliquidated contingent claims);

*American Reserve*, 840 F.2d at 491 n. 5 (noting that valuation is easier in non-asbestos class actions); *In re Charter Co.*, 876 F.2d at 872–73 (citing cases).

in a case under the Code not otherwise governed by these rules ... [t]he court may at any stage in a particular matter direct that one or more of the rules in Part VII [which includes Rule 7023] shall apply." The *American Reserve* court held that Rule 9014 allowed bankruptcy judges to apply Rule 7023, and thus Fed.R.Civ.P. 23, to the filing of a proof of claim. It reasoned that filing a proof of claim is a necessary "stage" in a "contested matter" under Rule 9014, and thus the bankruptcy court may apply Rule 23 in its discretion. 840 F.2d at 488.

LTV asserts that the *American Reserve* court erred in concluding that the filing of a proof of claim is a "contested matter" under Bankruptcy Rule 9014. "Contested matter" is not defined in the Code or the rules. According to LTV, because the Advisory Committee Note accompanying Rule 9014 lists "the filing of an objection to a proof of claim" as an example of a contested matter, no contested matter exists until an objection to a proof of claim has been made. It follows, according to LTV, that at the time that a creditor files a proof of claim there is no contested matter, because no objections have been made, and accordingly Rules 9014 and 7023 are not applicable and thus there is no authority for permitting the filing of a claim on behalf of a class. In *In re Baldwin–United Corp.*, 52 B.R. 146 (Bankr.S.D. Ohio 1985) the court adopted this rationale in holding that filing proofs of claim on behalf of a class is not permissible:

> The Debtors, by filing objections to the proofs of claim here, created a contested matter. (*See* Bankruptcy Rule 9014).
> ... We do not believe, and have found no authority for, the proposition that by triggering a contested matter, the Debtors' objections to claims can serve to retroactively legitimize an otherwise unauthorized proof of claim.

*Id.* at 149–50. *See also In re Allegheny International, Inc.*, 94 B.R. 877, 881 (Bankr.W.D.Pa.1988) (following the reasoning of *In re Baldwin–United* and stating that "[t]he process contemplated by the court of appeals in *In re American Reserve* constitutes bootstrapping.")

Assuming, arguendo, that LTV's position is correct—although we seriously question that it is—the distinction asserted by LTV and highlighted in *In re Baldwin*, between the filing of a claim and the contested matter that only arises when an objection to the claim is subsequently made, leads to a different result than that urged by LTV. For the reasons discussed above, prior to objection proofs of claim made on behalf of a class must be presumed valid and may be filed as of right. *See In re Charter Co.*, 876 F.2d at 874 (proof of claim filed on behalf of a class, "[o]nce filed ... was entitled to a presumption that it was 'deemed allowed,' until objected to. 11 U.S.C. § 502(a)."). LTV's objection to such claims clearly establishes a contested matter that authorizes the bankruptcy court to determine whether the facts of the particular case require application of Rule 7023, in which case the claims will be upheld, or denial, in which case the claims may be expunged. Thus, although the *American Reserve* court's reasoning on this point is impressive, it is unnecessary for us to determine whether the filing of a proof of claim may be deemed a preliminary "stage" in a contested matter.

Proofs of claim filed on behalf of a class may be filed as of right and in such circumstances the bankruptcy court must exercise its discretion, pursuant to rule 9014 to apply or not apply Rule 7023, once an objection has been made to those claims. Moreover, since the question to be determined relates to a class claim it seems proper that the bankruptcy court should exercise its discretion, as district judges are obligated to, in accordance with the criteria set forth in Fed.R.Civ.P. 23. In the instant case, the bankruptcy court has not yet exercised its discretion to apply Rule 7023 because it held that the filing of proofs of claim on behalf of a class is never permissible. That ruling is reversed.

For the reasons discussed above, I conclude that filing of a proof of claim on behalf of a class is permissible under the Bankruptcy Code and accordingly that the Iles class proof of claim was properly filed.

## IV. WHETHER THE UAW CLAIM WAS PROPERLY FILED AS A PROOF OF MULTIPLE CLAIMS

 The UAW asserts that the bankruptcy court improperly expunged a portion of its proof of multiple claims because the court considered the filing to be a class claim. The UAW argues that it properly filed its proof of multiple claims, including the challenged portion, both as a creditor in its own right and as an "authorized agent" for the UAW members listed in the claims. The UAW asserts that it is a creditor under 11 U.S.C. § 501(a),[9] and thus entitled to file a proof of claim on behalf of its members. 11 U.S.C. § 101 states:

(9) "creditor" means—

(A) entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor.

The Code definition of "entity" includes a "person," which is in turn defined in part as a "corporation," which includes an unincorporated company or association.[10] The UAW is an unincorporated association, and is thus an entity under § 101(9)(A). *See In re Altair Airlines, Inc.*, 727 F.2d 88, 89–90 (3d Cir.1984) (holding Air Line Pilots Association an entity under § 101(9) because it is an unincorporated association); *In re Schatz Federal Bearings Co.*, 5 B.R. 543, 546 (Bankr.S.D.N.Y.1980) (term "unincorporated association" under new Bankruptcy Code specifically includes labor union, thus union is "entity" under § 101(9)). The question remains whether the UAW "has a claim against the debtor," and is thus a creditor under § 101(9), when it asserts a claim for unpaid wages owed certain of its women members as a result of alleged discriminatory conduct by LTV.

In *In re Altair Airlines*, 727 F.2d at 90, the court of appeals for the Third Circuit held that a union had a claim against the debtor and was thus a creditor where it had a "right to payment" for unpaid wages owed its members. *Altair* stated:

The existence of a 'right to payment' is determined, obviously, by the law governing the transaction between the alleged claimant and the debtor. In the case of a collective bargaining agreement in or affecting interstate commerce, that law is federal common law. 29 U.S.C. § 185(a).

*Id.* The court concluded that because the union had a right under federal common law to bring an action to enforce the terms of a collective bargaining agreement, including suits to recover unpaid wages, the union had a "right to payment." *Id.* The UAW argues persuasively that, based on the reasoning of *Altair*, it has a right to payment arising from the action pending against LTV for unpaid wages allegedly owed its members as a result of discriminatory conduct by LTV. Although the UAW's action in the district court is not a suit to enforce the terms of a collective bargaining agreement, but rather to redress the alleged deprivation of rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, the UAW has received a "Notice of Right To Sue" from the Equal Employment Opportunity Commission.[11] Accordingly, the UAW had a right to bring the action, and under the analysis of *Altair*, has a "right to payment" under § 101(9). As an "entity" that has a "right to payment," the union is a creditor under § 101(9), and its claim was properly filed as part of its Proof of Multiple Claims. The UAW, as an entity that has a "right to payment," is thus a creditor

---

9. 11 U.S.C. § 501 states in relevant part:

(a) A creditor or an indenture trustee may file a proof of claim.

10. 11 U.S.C. § 101 states:

(14) "entity" includes person, estate, trust, governmental unit;
. . . .
(30) "person" includes individual, partnership, and corporation. . . .
. . . .

(8) "corporation"—
(A) includes—
(iv) unincorporated company or association.

11. *See* Proof of Claim filed on behalf of B. Iles, R. Harville, K. Thorton, H. Mayorga, L. Bell, E. Gokenstein, K. Mooney, B. McCauley, and S. Griffin (dated Nov. 25, 1987) Marked D4 at Exh. A (First Amended Complaint–Class Action), Exh. 1 (Notice of Right to Sue, issued by Lorenzo Ramirez, District Director, EEOC, to the UAW (dated Dec. 18, 1985)).

under § 101(9). Accordingly, the UAW's claim was properly filed as part of its Proof of Multiple Claims. *See In re Crouthamel Potato Chip Co.*, 43 B.R. 934, 935 (Bankr. E.D.Pa.1984) ("Since a labor union is a creditor under the Code it is consonant with *Altair* that such an entity may file a proof of claim on behalf of the individuals it represents.").

■ The UAW asserts that a second ground for allowing its claim is that pursuant to Bankruptcy Rule 3001(b) it is an "authorized agent" of its members, the individual creditors.[12] LTV concedes that the UAW is the authorized agent of its members, including the LTV employees, but argues that the filing of the UAW claim should be disallowed because it fails both to identify sufficiently the individuals alleging discrimination and to include sworn statements describing the facts surrounding each claim.

The UAW filed its claims on Official Bankruptcy Form No. 21 "Proof of Multiple Claims for Wages, Salary or Commissions," which requires the signature of an authorized agent of the individual claimants, whose names must be listed in an appendix to the form.[13] The UAW claim was signed by Robert St. Pierre, the Administrative Assistant of Raymond Majerus, International Secretary Treasurer of the UAW; the UAW is the authorized agent of the claimants,[14] whose names are actually listed.[15] Thus, the UAW has sufficiently identified the claimants on whose behalf the claims have been filed.

■ LTV argues, however, that the UAW claim must be supported by sworn statements describing the nature of the alleged discriminatory acts and injuries. LTV asserts that the type of claim filed by the UAW is distinguishable from claims filed for wages or benefits, which have simpler filing requirements. However, because the UAW Proof of Multiple Claims states a claim for wages and benefits owed by LTV arising from LTV's alleged discriminatory practices, it was appropriately filed according to the requirements of Bankruptcy Form No. 21.[16]

12. Bankruptcy Rule 3001(b) states: "A proof of claim shall be executed by the creditor or the creditor's authorized agent except as provided in Rules 3004 and 3005." Rules 3004 and 3005 permit the debtor, trustee, or other entities to file a proof of claim on behalf of the creditor if the creditor fails to file within the applicable deadline.

13. The Advisory Committee Note to Form No. 21 states:

This form is ... provided for use when there are numerous claimants for wages, salary, or commissions against a debtor's estate and they wish to have their proof of claim executed and filed by a common agent. Use of the form should not only simplify the filing procedure for the claimants but facilitate the handling of the claims by the court.

14. Bankruptcy Rule 2019(a) states in relevant part:

In a chapter ... 11 reorganization case ... every person or committee representing more than one creditor ... shall file a verified statement with the clerk [which] ... shall include a copy of the instrument, if any, whereby the person ... is empowered to act on behalf of creditors.

The UAW filed with its proof of multiple claims a verified declaration by Michael B. Nicholson, counsel to the UAW, attached to which was a copy of the most recent collective bargaining agreement between the UAW and LTV, empowering the UAW to act on behalf of the individual claimants. UAW's Brief on Appeal From Order Disallowing Portion of UAW's Proof of Multiple Claims at App. B (Nov. 21, 1988).

15. The claimants are described on Form 21 as "all of the debtor's present and former Grand Prairie, Texas hourly employees, and all retirees and spouses therefrom, including, but not limited to, those individuals listed in Exhibits A, B and C appended to [the] proof of multiple claims." The UAW's Verified Declaration states: "The Proof of Claim includes unliquidated claims of all of [LTV's] present and former women employees represented by the UAW for all amounts due them arising out of those matters covered by [pending district court action against LTV]...." UAW's Brief on Appeal From Order Disallowing Portion of UAW's Proof of Multiple Claims at App. C (Nov. 21, 1988) (Declaration of B.J. Meeks, at § 10 (executed June 9, 1988)).

16. Bankruptcy Rule 3001(a) states:

A proof of claim is a written statement setting forth a creditor's claim. A proof of claim for wages, salary, or commissions shall conform substantially to Official Form No. 20 or No. 21; any other proof of claim shall conform substantially to Official Form No. 19.

Moreover, that the claims asserted are unliquidated does not, as LTV contends, bar their filing. *See In re Robinson,* 776 F.2d 30, 34 (2d Cir.1985) ("The legislative history of the Code reveals that in enacting § 101(4) Congress ... intend[ed] that virtually all obligations to pay money be amenable to treatment in bankruptcy proceedings."); *In re Johns–Manville Corp.,* 57 B.R. 680, 687 (Bankr.S.D.N.Y.1986) (noting broad definition of "claim" under 11 U.S.C. § 101(4)(A) and stating that "[d]amages which are considered unmatured, unliquidated and contingent, clearly fall within [that] definition of a claim"). Accordingly, the UAW claim was filed in accordance with the requirements of the Code and Bankruptcy Rules as part of a proof of multiple claims on behalf of its members for wages.

The order of the bankruptcy court expunging the two proofs of multiple claims filed by the Iles Plaintiffs and the UAW is reversed.

It is so ordered.