930 F.2d 245
 56 Empl. Prac. Dec. P 40,726, 24 Collier
Bankr.Cas.2d 1542
In re CHATEAUGAY CORPORATION, Reomar, Inc., the LTV
Corporation, Debtors,
LTV AEROSPACE AND DEFENSE COMPANY and the Official Parent
Creditors' Committee of the LTV Corporation, Appellants,
v.
Beverly Ann Burton ILES, Rosalinda Leal Harville, Kimberly
Thornton, Haydee Mayorga, Loretta Jon Bell, Elaine
Gorenstein, Kristi Mooney, Barbara
McCauley, Selina Griffin, et
al., Appellees.
 Nos. 1281, 1296, Dockets 90-5002, 90-5004.
 United States Court of Appeals,
Second Circuit.
 Argued May 9, 1990.
Decided April 11, 1991.
 
 Herbert Stephen Edelman, New York City (Howard A. Becker, Allen G. Kadish, Levin & Weintraub, Crames & Edelman, Davis Polk & Wardwell, New York City, of counsel), for appellant LTV Aerospace and Defense Co.
 Alexander D. Bono, Philadelphia, Pa. (Raymond L. Shapiro, Thomas E. Biron, Bonnie Glantz Fatell, Blank, Rome, Comisky & McCauley, Philadelphia, Pa., of counsel), for appellant The Official Parent Creditors' Committee of the LTV Corp.
 James E. Youngdahl, Little Rock, Ark. (James O'Connor, Youngdahl & Youngdahl, P.A., Little Rock, Ark., Eugene Eisner, Nicholas Fish, Eisner, Levy, Pollack & Ratner, P.C., New York City, of counsel), for appellees Beverly Ann Burton Iles, Rosalinda Leal Harville, Kimberly Thornton, Haydee Mayorga, Loretta Jon Bell, Elaine Gorenstein, Kristi Mooney, Barbara McCauley, Selina Griffin, et al.
 Martha H. McNeely, Sp. Counsel, Securities and Exchange Com'n, Washington, D.C. (Daniel L. Goelzer, Gen. Counsel, Paul Gonson, Sol., Leslie E. Smith, Atty., Securities and Exchange Com'n, Washington, D.C., of counsel), for appellee Securities and Exchange Com'n.
 Charles A. Shanor, Gen. Counsel, Gwendolyn Young Reams, Associate Gen. Counsel, Vella M. Fink, Asst. Gen. Counsel, Paul Bogas, Atty., E.E.O.C., Washington, D.C., for amicus curiae E.E.O.C.
 Before ALTIMARI and MAHONEY, Circuit Judges, and CARTER,* District Judge.
 PER CURIAM:
 
 
 1
 The question that we must address is whether our recent decision in Germain v. Connecticut Nat'l Bank, 926 F.2d 191 (2d Cir.1991), requires dismissal of this interlocutory appeal for lack of appellate jurisdiction. We conclude that it does.
 
 
 2
 On January 22, 1986, Beverly Ann Burton Iles and eight other named plaintiffs (the "Claimants"), on behalf of themselves and a defined but unnamed class of past and present female employees and job applicants at the LTV Aerospace and Defense Company ("LTV"), commenced an action in the United States District Court for the Northern District of Texas alleging, inter alia, sex discrimination in the employment practices of LTV at its facilities in Grand Prairie, Texas, and seeking injunctive and monetary relief under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e et seq. The Claimants moved for class certification pursuant to Fed.R.Civ.P. 23. Prior to a ruling on that motion, however, on July 17, 1986 and thereafter, the LTV Corporation and sixty-six affiliated debtors, including LTV, filed petitions for reorganization under Chapter 11 of the Bankruptcy Code of 1978, as amended, 11 U.S.C. Secs. 101-1330, in the United States Bankruptcy Court for the Southern District of New York. As a result, the Title VII action in the Northern District of Texas was automatically stayed pursuant to 11 U.S.C. Sec. 362(a).
 
 
 3
 The Claimants filed in the bankruptcy court a contingent and unliquidated proof of claim, individually and on behalf of a class of similarly situated persons. The claim sought monetary damages against LTV based upon the allegations in the Title VII complaint, which was attached. The bankruptcy court granted LTV's subsequent motion to disallow the claim on the ground that class proofs of claim are not permitted in bankruptcy.
 
 
 4
 Sitting in review pursuant to 28 U.S.C. Sec. 158(a) (1988), the district court reversed, holding that neither the provisions of the Bankruptcy Code nor its legislative history call for the disallowance of class proofs of claim. Iles v. LTV Aerospace & Defense Co. (In re Chateaugay Corp.), 104 B.R. 626 (S.D.N.Y.1989). Thereafter, the district court certified for interlocutory appeal the following question: "Under the Bankruptcy Code may a proof of claim be filed in a Title XI bankruptcy proceeding on behalf of a putative class of claimants thereby obviating the need for each member of the class to file a separate proof of claim?"
 
 
 5
 LTV moved, with the consent of opposing counsel, for leave to appeal pursuant to 28 U.S.C. Sec. 1292(b), and a panel of this court granted the motion. LTV's memorandum in support of that motion quoted the following dictum in Dubin v. SEC (In re Johns-Manville Corp.), 824 F.2d 176, 180 (2d Cir.1987): "district courts may certify for appeal to the courts of appeals any interlocutory order meeting the statutory criteria of 28 U.S.C. Sec. 1292(b)...."
 
 
 6
 After we heard oral argument on the merits, however, another panel of this court held in Germain that the certification procedure set forth in section 1292(b) is unavailable with respect to decisions of a district court made on appeal from a bankruptcy court pursuant to section 158(a), concluding that "28 U.S.C. Sec. 158(d) precludes by negative implication interlocutory review under Section 1292." 926 F.2d at 191. Germain is squarely on point. Our jurisdiction is premised on section 1292(b) certification, and the district court's non-final appellate decision was made pursuant to section 158(a).
 
 
 7
 Germain resolved a conflict among precedents within this circuit.[1] At the time LTV sought leave to appeal, "decisions of this circuit [had] treat[ed] inconsistently the question whether ... appeal from interlocutory decisions by district courts sitting in review of bankruptcy courts is available pursuant to 28 U.S.C. Sec. 1292(a) and (b) (1988)." State Gov't Creditors Comm. for Property Damage Claims v. McKay (In re Johns-Manville Corp.), 920 F.2d 121, 126 n. 3 (2d Cir.1990); see Germain, 926 F.2d at 193-94.
 
 
 8
 We cannot say that the decision of the panel that granted LTV's section 1292(b) motion adjudicated this issue, since the availability of section 1292(b) apparently was not questioned. In any event, Germain has since settled the question in this circuit, and we are of course bound by that resolution. See Leecan v. Lopes, 893 F.2d 1434, 1443 (2d Cir.), cert. denied, --- U.S. ----, 110 S.Ct. 2627, 110 L.Ed.2d 647 (1990); United States v. Salerno, 868 F.2d 524, 534 (2d Cir.), cert. denied, 491 U.S. 907, 109 S.Ct. 3192, 105 L.Ed.2d 700, --- U.S. ----, 110 S.Ct. 56, 107 L.Ed.2d 24 (1989); Board of Educ. of City School Dist. v. Hufstedler, 641 F.2d 68, 70 (2d Cir.1981); In re Jaylaw Drug, Inc., 621 F.2d 524, 527 (2d Cir.1980). Furthermore, "[a]lthough the parties did not question our jurisdiction over th[is] appeal[ ], we are obliged to consider sua sponte possible jurisdictional defects." Natale v. Town of Ridgefield, 927 F.2d 101, 104 (2d Cir.1991) (citing Bermudez v. Smith, 797 F.2d 108 (2d Cir.1986) (per curiam); In re Adirondack Ry. Corp., 726 F.2d 60, 62 (2d Cir.1984)). We are also bound by the general rule that: " '[A]n appellate court must apply the law in effect at the time that it renders its decision.' " Gulf Offshore Co. v. Mobil Oil Corp., 453 U.S. 473, 486 n. 16, 101 S.Ct. 2870, 2879 n. 16, 69 L.Ed.2d 784 (1981) (quoting Thorpe v. Housing Auth., 393 U.S. 268, 281, 89 S.Ct. 518, 525, 21 L.Ed.2d 474 (1969)); see also United States v. Schooner Peggy, 5 U.S. (1 Cranch) 103, 2 L.Ed. 49 (1801).
 
 
 9
 This rule applies to questions of appellate jurisdiction. In Torres v. Oakland Scavenger Co., 487 U.S. 312, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988), for example, the Supreme Court held that circuit courts lack jurisdiction over an appeal by a party who was not specified in the notice of appeal in accordance with Fed.R.App.P. 3(c). Although the courts of appeals were previously split on this issue, see id. at 314 & n. 1, 108 S.Ct. at 2407 & n. 1, they have since consistently applied the Supreme Court's interpretation of rule 3(c) in Torres to dismiss appeals pending at the time Torres was decided. See Minority Employees v. Tennessee Dep't of Employment Sec., 901 F.2d 1327, 1336 & n. 7 (6th Cir.) (in banc) ("The jurisdictional defect divests this court of the power to consider retroactivity."), cert. denied, --- U.S. ----, 111 S.Ct. 210, 112 L.Ed.2d 170 (1990); Rosario-Torres v. Hernandez-Colon, 889 F.2d 314, 317 (1st Cir.1989) (in banc) (collecting cases); Appeal of D.C. Nurses' Ass'n, 854 F.2d 1448, 1450 (D.C.Cir.1988) (per curiam) ("An order of this court granting status as appellants to the [unidentified parties] would have the effect of creating jurisdiction in this court...."), cert. denied, 491 U.S. 906, 109 S.Ct. 3189, 105 L.Ed.2d 697 (1989). As the Torres Court noted, "a litigant's failure to clear a jurisdictional hurdle can never be 'harmless' or waived by a court." 487 U.S. at 317 n. 3, 108 S.Ct. at 2409 n. 3. Even more to the present point, " '[a] court lacks discretion to consider the merits of a case over which it is without jurisdiction, and thus, by definition, a jurisdictional ruling may never be made prospective only.' " Budinich v. Becton Dickinson & Co., 486 U.S. 196, 203, 108 S.Ct. 1717, 1722, 100 L.Ed.2d 178 (1988) (quoting Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 379, 101 S.Ct. 669, 676, 66 L.Ed.2d 571 (1981)).
 
 
 10
 Nor is this appeal cognizable under 28 U.S.C. Sec. 158(d) (1988) as an appeal from a final order.[2] It is settled that an order denying an application to decertify a class is not a final order under section 1291. See Cullen v. Margiotta, 811 F.2d 698, 708 (2d Cir.), cert. denied, 483 U.S. 1021, 107 S.Ct. 3266, 97 L.Ed.2d 764 (1987); Blake v. City of Los Angeles, 595 F.2d 1367, 1385-86 (9th Cir.1979), cert. denied, 446 U.S. 928, 100 S.Ct. 1865, 64 L.Ed.2d 281 (1980). It has also been decided that no appeal can be taken from an order certifying a class pursuant to the "collateral order" doctrine first enunciated in Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546-47, 69 S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949). See In re Beef Indus. Antitrust Litig., 607 F.2d 167, 182 (5th Cir.1979), cert. denied, 452 U.S. 905, 101 S.Ct. 3029, 69 L.Ed.2d 405 (1981). In view of these precedents, it follows that an order allowing a class proof of claim to be filed is not a "final ... order[ ]" within the meaning of section 158(d).
 
 
 11
 The appeal is dismissed.
 
 
 
 *
 The Hon. Robert L. Carter, United States District Judge for the Southern District of New York, sitting by designation
 
 
 [1]
 For this reason, the Germain opinion was circulated to all active members of the court. See 926 F.2d at 194
 
 
 [2]
 The invocation of section 1292(b) by the parties and the district court indicate their understanding that the order of the district court was not final. Further, it is noteworthy in this connection that the district court's decision has not finally determined the question whether the Claimants may proceed as a class:
 [S]ince the question to be determined relates to a class claim it seems proper that the bankruptcy court should exercise its discretion, as district courts are obligated to, in accordance with the criteria set forth in Fed.R.Civ.P. 23. In the instant case, the bankruptcy court has not yet exercised [such] discretion ... because it held that the filing of proofs of claim on behalf of a class is never permissible.
 Iles, 104 B.R. at 634.